[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Hollie Shields, brings this action by amended complaint in four counts against the defendants, Ryan J. Labriola and Francis P. Labriola.
The plaintiff claims that she was injured and suffered damages as a result of the negligent operation of the defendant's, Francis P. Labriola's automobile which was owned and maintained by him as a family car; and/or, as agent of the defendant, Francis P. Labriola, and operated by his son, Ryan J. Labriola, which resulted in the plaintiff's injuries and damages.
The defendant, Francis P. Labriola, denies that the automobile driven by the defendant, Ryan J. Labriola, at the time that the plaintiff received her alleged injuries, was owned and maintained as a family car, or that Ryan was his agent or employee. CT Page 15356
The defendant, Ryan J. Labriola, admits that he was negligent in driving the automobile at the time of the accident.
The factual situation as found by the court is: The plaintiff was a passenger in an auto that became involved in a collision with an auto driven by the defendant, Ryan J. Labriola, with ownership title in the name of the defendant, Francis P. Labriola. The defendant, Ryan, negligently turned in front of the oncoming auto within which the plaintiff was a passenger, causing the autos to collide with resulting injuries to the plaintiff
The auto being driven by Ryan was registered at the Motor Vehicle Department with the defendant, Francis P. Labriola, as owner, and it was insured by Francis. Ryan had driven the auto just seven days when the accident occurred. He drove it to school and was the only one to have driven it during that time. He also bought and paid for the auto and was to reimburse his father for the insurance premium for the car. Although Ryan believed he had sole control over the use of the auto because he paid for the auto and was liable to his father for the insurance premium, the court finds that the father, Francis, had legal title to the vehicle, that he was listed as the owner, that he was responsible for payment of the insurance premiums, whether or not Ryan reimbursed him, that, Ryan's use of the vehicle was beneficial to the family since the family members were not required to share one of the other cars with him, nor to give him a ride to school, or other activities. Although Ryan and his father testified that sole control over the car was with Ryan, this was based primarily on the fact that he paid for the car, and that during the seven days he had the car he was the only one to use it. There was no testimony or evidence produced to show that the father, if he so willed it, could not have restricted Ryan's use of the car. Further, that since the father had legal title to the car, had the insurance coverage on it and as the parent of the minor Ryan, had the legal means of enforcing any decision he cared to make as to the custody and operation of the auto. Therefore, Ryan's use and operation of the car was completely at the discretion of the father, Francis P. Labriola. That he, Francis, had not exercised that discretion does not mean he could not do so, nor, does it mean that this authority or control vested in his minor son, Ryan, by default.
Thus, the court finds that defendant, Francis P. Labriola, had enforceable control over the use of the car, that it was for the benefit of the family and that although Ryan originally purchased the car, it had no use to him for transportation purposes until his father undertook to accept the responsibility and liability associated with title ownership. With that responsibility the father also assumed enforceable control over CT Page 15357 the use of the car.
Therefore, the court finds that the auto driven by the defendant, Ryan J. Labriola, at the time of the collision involved herein was being used under the Family Car Doctrine, Sec. 52-182 Connecticut General Statutes.
The court further finds that the defendant Ryan J. Labriola, was negligent in turning in front of the oncoming car in which the plaintiff was a passenger, and that his negligence was the causal factor resulting in the plaintiff's injuries and damages.
Also, the court finds that the defendant, Ryan J. Labriola, was driving the automobile with the consent of his father, the defendant Francis P. Labriola, who was the title owner and provided the means and authority for the use of the automobile on the highway; that Connecticut General Statute Sec. 52-182 is applicable to the facts herein.
Therefore, Judgment may enter for the plaintiff and against both defendants on Counts 1 and 2 of the amended complaint for plaintiff's damages in the sum of $150,000, as set out below:
Economic damages — $72,600
Non-economic damages — 77,400
Total $150,000 together with costs, and less any collateral source sums paid to, for or due to the plaintiff
The respective percentages of the negligence of the parties are:
Plaintiff — 0%
Defendant:
Ryan J. Labriola — 100%
Francis P. Labriola — 100%
Further, Judgment is to enter for the defendants on Counts 3 and 4 of the amended complaint and against the plaintiff
Kremski, J.T.R.